THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNA BEDIAKO, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) No. 23 C 1468 |
| v. | ) |
| | ) Judge Virginia M. Kendall |
| | ) |
| THE BOARD OF TRUSTEES FOR THE | ) |
| UNIVERSITY OF ILLINOIS, | ) |
| | ) |
| *Defendant.* | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Anna Bediako worked as a Registered Nurse in the University of Illinois' medical center from September 2005 until her termination in January 2021. Bediako sued the University for national origin discrimination, in violation of Title VII of the Civil Rights Act of 1964.[1] (Dkt. 3); 42 U.S.C. § 2000e. *et seq*. Later, Bediako amended her complaint to include allegations of age discrimination, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"). (Dkt. 31); 29 U.S.C. § 621 *et seq*. The University now moves to dismiss Bediako's claims. (Dkt. 36). For the reasons below, the University's motion to dismiss [36] is granted in part and denied in part.

---

[1] Bediako's complaint uses the terms "national origin" and "heritage and ancestry" interchangeably. In the Title VII context, the terms overlap as a legal matter. *See* 29 CFR § 1606.1 (national origin discrimination "includ[es], but [is] not limited to, the denial of equal employment opportunity because of an individual's, or his or her ancestor's, place of origin; *or* because an individual has the physical, cultural, or linguistic characteristics of a national origin group") (emphasis added). For clarity, the Court will refer to the claim as one of "national origin" discrimination.

1

**BACKGROUND**

I. **Factual Background**

Bediako, a Ghanaian woman, began working in the University's medical center on September 12, 2005, as a Registered Nurse in the "flex" unit; as a "flex" employee, Bediako was not eligible to receive employee benefits. (Dkt. 31 at ¶¶ 4–7). Within the "flex" unit, Bediako was assigned to the Labor and Delivery unit. (*Id.* at 6). At some point, the University reassigned Bediako from the Labor and Delivery unit to the "float" pool, which meant Bediako would no longer work within just one unit; instead, she would be assigned to whichever unit, if any, needed additional assistance. (*Id.* at ¶ 10).

About six months into her employment with the University, Bediako began applying to be hired as a staff nurse. (*Id.* at ¶ 8). The University denied each of her applications, so Bediako continued working in the "flex" unit until she was terminated on January 14, 2021. (*Id.* at ¶¶ 8, 11; *see also* Dkt. 40-2). In its termination notice, the University claimed Bediako was being let go because she had not provided the University with enough hours to satisfy its expectations for "flex" employees. (Dkt. 31 at ¶ 11).

II. **Procedural Background**

On September 15, 2020, Bediako filed a charge of discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at ¶ 29; *see also* Dkt. 31-1). The Charge contained allegations of discrimination—based on race, national origin, and age—and retaliation that took place between November 15, 2019 and September 10, 2020. (Dkt. 31-1).

On January 14, 2021, the University terminated Bediako's employment. (Dkt. 31 at ¶ 11; Dkt. 40 at 10). Bediako filed a grievance with her union about her termination, but the grievance was ultimately denied, and her termination upheld. (Dkt. 31 at ¶ 12; Dkt. 40 at 10; Dkt. 40-2). On

December 16, 2022—two years after Bediako filed her Charge—the EEOC issued to Bediako a right to sue letter, making no determination on the merits of the Charge. (Dkt. 31-2). On March 10, 2023, Bediako timely filed a complaint alleging national origin discrimination under Title VII. (Dkt. 3). Six months later, Bediako filed an amended complaint with the same allegations, (Dkt. 16), which the University moved to dismiss. (Dkt. 25). On December 18, 2023, Bediako filed a second amended complaint. (Dkt. 31). The University now moves to dismiss Bediako's second amended complaint with prejudice. (Dkt. 36).

## **LEGAL STANDARD**

To survive a motion to dismiss for failure to state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (quoting Fed. R. Civ. P. 8(a)(2)). Thus, "a plaintiff must allege 'enough facts to state a claim that is plausible on its face.'" *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 850 (7th Cir. 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009)). The Court accepts the well-pleaded factual allegations in the plaintiff's complaint as true, "drawing all reasonable inferences in his favor." *Id*. (citing *W. Bend. Mut. Ins.*, 844 F.3d at 675). The Court "also consider[s] any documents attached to and integral to the complaint as part of the [plaintiff's] allegations." *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 878 (7th Cir. 2022).

Yet, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough. *Oakland Police & Fire Ret. Sys. v. Mayer Brown, LLP*, 861 F.3d 644, 649 (7th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678). The complaint's factual content

must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Court also construes a *pro se* complaint liberally by giving the allegations "fair and meaningful consideration." *Palmer v. City of Decatur*, 814 F.2d 426, 428–29 (7th Cir. 1987); *see also Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015) (holding *pro se* pleadings to "less stringent standards").

## **DISCUSSION**

At issue is (1) whether Bediako exhausted administrative remedies for her Title VII and ADEA claims and (2) whether Bediako stated claims under Title VII and the ADEA upon which the Court may grant her relief.

### I. Title VII Claims

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-2(a)(1). Bediako claims the University discriminated against her continually from 2005 to the present when it: (1) rejected her applications to be hired as a staff nurse; (2) relegated her to the "float" pool; (3) terminated her employment; and (4) declined to adopt the grievance committee's recommendation to reinstate Bediako with a promotion to the staff nurse role.

#### A. Failure to Exhaust Administrative Remedies

As an initial matter, before litigating a discriminatory practice under Title VII, a litigant must file a timely charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e–5(e)(1); *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832, 836 (7th Cir. 2008) (an employee must file a charge with the EEOC within 300 days after an alleged unlawful employment practice occurs). This requirement "gives the employer some warning of the conduct about which the employee is

4

aggrieved and affords the EEOC and the employer an opportunity to attempt conciliation without resort to the courts." *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005) (citation omitted).

Further, "[t]he proper scope of a judicial proceeding following an EEOC charge 'is limited by the nature of the charges filed with the EEOC.'" *Hopkins v. Bd. of Educ. of City of Chicago*, 73 F. Supp. 3d 974, 982 (N.D. Ill. 2014) (quoting *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992)); *see also Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002). There is an exception to this rule for claims that are "reasonably related to one of the EEOC charges and can be expected to develop from an investigation into the charges actually raised." *Green v. Nat'l Steel Corp., Midwest Div.*, 197 F.3d 894, 898 (7th Cir. 1999); *accord Moore v. Vital Prod., Inc.*, 641 F.3d 253, 256–57 (7th Cir. 2011) ("[I]f certain claims are not included in an EEOC charge, a plaintiff can still bring them if they are 'like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations.'") (citation omitted). To be "reasonably related," the EEOC charge and the relevant claim must involve the same conduct and implicate the same individuals. *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 832 (7th Cir. 2015) (citing *Moore*, 641 F.3d at 257); *accord Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). If they are not related, "[e]ach incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable "unlawful employment practice" within the meaning of the charge filing requirement of Title VII. *Nat'l R.R. Passenger Corp v. Morgan*, 536 U.S. 101, 114 (2002).

Bediako filed the necessary Charge on September 15, 2020—stating that she experienced discrimination between November 15, 2019 and September 10, 2020—but the University argues that Bediako's allegations are beyond the scope of the allegations in the Charge. Indeed, Bediako's complaint claims the University discriminated against Bediako "[f]rom 2005 to the present." As

5

Bediako was required to file an EEOC charge within 300 days after the alleged unlawful employment practice occurred, and before filing suit in federal court, any alleged acts that occurred before November 20, 2019 or after September 15, 2020 fall outside of this window and cannot be considered.

The Court can consider alleged acts that occurred between November 20, 2019 and September 15, 2020 and any alleged acts that are reasonably related to the conduct complained of in the Charge. Bediako admits that the Charge makes no mention of her termination. Still, Bediako insists that the absence of this allegation is "of no moment." (Dkt. 40). Not so. That Bediako's termination, reinstatement offer, and assignment to the "float" pool are not mentioned in the Charge is of great consequence. Bediako's failure to raise these allegations in the Charge renders such claims improperly before the Court because her claims are not like or reasonably related to her discrimination claim. *See, e.g., Hall v. Walsh Const. Co.*, 2012 WL 3264921, at *4 (N.D. Ill. Aug. 9, 2012) (racial harassment claim not like or reasonably related to unlawful termination claim); *Moore*, 641 F.3d at 257 (discriminatory discharge claim not like or reasonably related to hostile work environment claim); *Gbur v. City of Harvey*, 835 F.Supp.2d 600, 625 (N.D. Ill. 2011) (hostile work environment claim not like or reasonably related to discriminatory discharge or promotion claims).

As for Bediako's allegation that her staff nurse application was denied on account of her national origin, that allegation is clearly included in the Charge and is sufficiently pled in the complaint. Ultimately, Bediako will have to show that she is "a member of a protected class, who was meeting the defendant's legitimate expectations, that [she] suffered an adverse employment action, and that similarly situated employees who were not members of [her] protected class were treated more favorably." *Singmuongthong v. Bowen*, 77 F.4th 503, 507 (7th Cir. 2023). Although

6

her allegations are sparse, they are sufficient to place the University on notice of the claim, which is all that is required at this time.

## II. ADEA Claims

The ADEA makes it unlawful for an employer to "fail or refuse to hire…any individual…because of such individual's age." 29 U.S.C. § 623(a)(1). Bediako identifies the same discriminatory actions in support of her Title VII and ADEA claims. As explained above, Bediako's claims stemming from her termination, reinstatement offer, and assignment to the "float" pool were not administratively exhausted. As such, the Court will only consider her ADEA claim to the extent it is derived from her rejected staff nurse applications.

### A. Timeliness

Bediako's second amended complaint alleges that her staff nurse applications were rejected because of her age. Although this claim appears to have been included in her Charge and therefore has been properly exhausted, the University argues that her ADEA claim should be dismissed as untimely. (Dkt. 37 at 4).

Bediako had 90 days from receipt of the EEOC's right to sue letter to file an ADEA claim in federal court. (Dkt. 31-2). Bediako's first complaint, filed within the 90-day window, focuses exclusively on her race discrimination claim and makes no mention of her ADEA claim. Because Bediako filed her second amended complaint well beyond the 90-day period that began in December 2022, that complaint is time barred unless it relates back, under Rule 15, to Bediako's first complaint. Under Federal Rule of Civil Procedure 15(c)(1)(B), "[a]n amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading." In short, Bediako's ADEA claim relates back to her original complaint if such

claims are based on the same core of facts alleged in the original complaint. *Bularz v. Prudential Insurance Co. of America*, 93 F.3d 372, 379 (7th Cir.1996). "The criterion of relation back is whether the original complaint gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one*." Santamarina v. Sears, Roebuck & Co*., 466 F.3d 570, 573 (7th Cir. 2006).

In her Charge, which was attached as an exhibit to her complaint, Bediako alleged that her multiple staff nurse position applications were denied and that she had "been discriminated against because of [her] race" and "because of [her] age, 54." (Dkt. 31-1 at 1). Her claims, whether based on age or race discrimination, are predicated on the same occurrences (her rejected applications). Accordingly, Bediako's age discrimination claim relates back to the race discrimination claim in the original complaint.

### B. Age Discrimination Under ADEA

To the extent Bediako's ADEA claim is timely, the University argues this claim should nevertheless be dismissed as insufficiently pled. Because Bediako's national origin and age discrimination claims stem from identical allegations, and because the Court concludes that national origin claim is sufficiently pled, the Court find that Bediako's age discrimination claim— with respect to her rejected staff nurse applications—is also sufficiently pled.

**CONCLUSION**

For the reasons set forth above, the University's motion to dismiss [36] is granted in part and denied in part. The Title VII and ADEA discrimination claims stemming from the denial of Bediako's staff nurse applications remain. All other claims are dismissed without prejudice.

_____
Virginia M. Kendall
United States District Judge

Date: April 16, 2024